## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

MIGUEL MELENDEZ

               Plaintiff-Intervenor,

               v.

AT&T MOBILITY PUERTO RICO, INC.,

               Defendant.

Civil No.: 11-1964 (CCC)

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendant AT&T Mobility Puerto Rico, Inc. ("AT&T").  EEOC and AT&T are collectively referred to as the "Parties" throughout this Decree.

## INTRODUCTION

1.    EEOC filed this action on September 30, 2011, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), Section 102(b)(5)(A) 42 U.S.C. §12112(b) (5)(A) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Miguel Meléndez ("Charging Party").

2.      EEOC alleges that AT&T violated the ADA/ADAAA by failing to engage in the interactive process, refusing to provide a reasonable accommodation to Charging Party, and removing Charging Party from his position because of his disability.  AT&T denies that it acted unlawfully in any way and alleges that the Charging Party's visual impairment could not be reasonably accommodated and that allowing the Charging Party to continue in his current position represented a direct threat to the Charging Party, his peers and AT&T's network.

3.      In the interest of resolving this matter, to avoid further cost of litigation, as a result of having engaged in comprehensive settlement negotiations, and without any admissions on the part of AT&T, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties, their successors, and assigns.

4.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

5.      If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

6.      This Decree fully and finally resolves any and all issues and claims asserted in the Complaint filed by EEOC in this action. No party admits the claims or defenses of the other.

7.      The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against AT&T.

## FINDINGS

8.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.     This Court has jurisdiction over the subject matter of this action and the Parties, and will retain jurisdiction for a period of two (2) years.

b.     No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

c.     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party and the public interest are adequately protected by this Decree.

d.     This Decree conforms to the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA/ADAAA and will be in the best interests of Charging Party, AT&T, EEOC and the public.

e.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of AT&T.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## GENERAL PROVISIONS

9.     AT&T agrees it shall not discriminate against any person on the basis of disability within the meaning of the ADA/ADAAA.

10.     AT&T agrees it shall not discriminate or retaliate against any person because of opposition to any practice based on disability and made unlawful under the ADA/ADAAA or

because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of the ADA/ADAAA.

## MONETARY RELIEF FOR CHARGING PARTY

11.     Within thirty (30) calendar days following the Court's approval of this Decree, AT&T shall pay monetary damages totaling TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000) (hereinafter "Total Monetary Damages") to cover all of Charging Party's alleged damages, including compensatory or otherwise, as well as costs and attorney's fees. Copies of the payments shall be sent contemporaneously to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: AT&T Consent Decree," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

12.     Charging Party, his attorneys and AT&T have negotiated a separate release and/or settlement agreement, which the Charging Party, his attorneys and AT&T have executed. This separate release and/or settlement agreement sets forth the terms of distribution of the Total Monetary Damages and attorney's fees. The EEOC is not a party to such release or agreement, and it will not be filed with the Court in connection with this Consent Decree.

13.     If Charging Party fails to timely receive the payments described in Paragraph 11 above, then AT&T shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## EMPLOYMENT OF CHARGING PARTY

14.     Within sixty (60) calendar days following the Court's approval of this Decree, AT&T shall return Charging Party to work as a Representative I – Customer Care ("CSR") at AT&T's Call Center in Guaynabo, Puerto Rico.   Prior to AT&T returning Charging Party to work as CSR, Charging Party is required to pass any assessments and/or tests that are required of all other candidates to the CSR position.   AT&T shall provide Charging Party reasonable accommodations to Charging Party's visual impairment for purposes of completing assessments and/or tests required of all CSRs.  If Charging Party fails to pass any of the assessments and/or tests required of all other candidates to the CSR position, AT&T's obligation to return Charging Party to work in the CSR position will end, Charging Party's employment with AT&T will terminate and, with the exception of the obligations contained in this section of the Decree ("Employment of Charging Party"), all remaining provisions of the Decree remain effective pursuant to Paragraph 5 of the Decree.   In the event of a dispute regarding whether Charging Party failed to pass any of the assessments and/or tests required of all other CSR candidates or whether AT&T provided reasonable accommodations to Charging Party's visual impairment for purposes of completing assessments and/or tests required of all CSRs, the parties shall first discuss the matter and attempt to resolve the dispute and, if the parties are unable to agree, the dispute shall be submitted to the Court for final resolution in accordance with Paragraph 19 below and Paragraphs 37-39.

15.     AT&T shall make Microsoft Magnifier accessible and usable to Charging Party as a reasonable accommodation to his visual impairment for purposes of performing the CSR job, including training. To the extent required by the ADA/ADAAA, AT&T shall provide Charging Party additional reasonable accommodations to Charging Party's visual impairment for

purposes of completing assessments and/or tests required of all CSRs and for purposes of performing the job of CSR.

16.     Charging Party's Net Credited Service ("NCS"), as determined under the Collective Bargaining Agreement between Communications Workers of American District 3, Puerto Rico and AT&T Mobility, LLC ("CBA"), will be November 5, 2001.

17.     Specifically, Charging Party will return to work in the position of Representative I according to CBA, Appendix A, at p. 51, and he shall earn wages at Step 13.

18.     Within ten (10) calendar days following the Court's approval of this Decree, AT&T shall eliminate from the personnel file of Charging Party, any and all documents, entries, or references of any kind relating to Charging Party's filing of the underlying EEOC charge to the extent such documents exist.  Further, within fifteen (15) calendar days from the Court's execution of this Decree, AT&T shall report compliance with this provision in writing to the EEOC.  Nothing herein shall be construed to require AT&T to remove any documents from its Human Resources files other than Charging Party's personnel file or to fail to disclose the underlying EEOC Charge in response to any subpoena or other legal process.

19.     If at any time while this Consent Decree is effective, AT&T determines Charging Party can no longer perform the essential functions of his job as CSR with a reasonable accommodation due to the Charging Party's visual impairment, AT&T shall provide to EEOC all information on which it relied to make its determination.  During the term of this Decree, any dispute between the EEOC and AT&T regarding whether Charging Party can perform the essential functions of his job as CSR with reasonable accommodation due to the Charging Party's visual impairment, shall be resolved in accordance with section titled "Dispute Resolution", Paragraphs 37-39, of this Decree.   Any other situations unrelated to a reasonable

accommodation for Charging Party's visual impairment will fall outside of the scope of this Decree.

## AFFIRMATIVE RECRUITING

20.    AT&T will work with organizations in Puerto Rico, such as the American Federation for the Blind, the Puerto Rico Blind Rehabilitation Center, the Puerto Rico Assistive Technology Program, and the Puerto Rico Vocational Rehabilitation Administration, to recruit visually impaired persons by providing notice to each of the organizations listed in this paragraph of any job vacancies available.  This paragraph is not intended to impose on AT&T any obligations beyond those under the ADA/ADAAA.

## NEUTRAL JOB REFERENCE

21.    If at any time Charging Party separates from employment with AT&T for any reason, voluntary or involuntary, during or after the term of this Decree, AT&T agrees to provide Charging Party with a neutral letter regarding his employment with AT&T in the form of the letter attached hereto as Exhibit A.  In addition, if AT&T receives any inquiries regarding the employment of Charging Party, in lieu of an oral response, AT&T shall provide a copy of the appropriate aforementioned letter. No mention of the charge of discrimination or this lawsuit shall be made as part of any reference.

## ADOPTION AND DISTRIBUTION OF POLICY REGARDING DISABILITY DISCRIMINATION AND REASONABLE ACCOMMODATIONS

22.    AT&T shall continue to implement its disability discrimination and reasonable accommodation policy (the "Policy"), to all its employees.  AT&T shall continue to make the Policy available to all present employees on the OneStop employee website.

23.     The Policy shall continue to include among other processes a procedure for addressing requests for accommodations received from employees.  The procedure shall continue to specify the following:

      a.     AT&T shall participate in an interactive process with the applicant/employee.

      b.     AT&T shall communicate its decision regarding the request for reasonable accommodation in a timely manner.

## TRAINING

24.     AT&T shall continue to provide its managers and supervisors within the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico at least 2 hours of on-line, video, and/or live training (the "Management Training").  Management Training shall take place twice during the duration of this Consent Decree, to include two (2) sixty (60) minute training sessions, one in each year the Decree is effective.   Management Training shall focus on: (1) an explanation of the rights and responsibilities of managers, supervisors, and employees under the ADA/ADAAA; and (2) proper administration of AT&T's EEO, ADA, and reasonable accommodations policy.

25.     Through its annual compliance letter described in Paragraph 31 below, AT&T shall provide to the EEOC the list of individuals in the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico who completed Management Training during the period covered in the annual compliance letter.  Additionally, within ninety (90) days following the Court's approval of this Consent Decree, AT&T shall provide to the EEOC copies of the written materials used or to be used during Management Training.

26.     AT&T shall distribute, via e-mail, a notice to all non-managerial employees in the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico, containing AT&T's reasonable accommodation policy and a summary explanation of AT&T's reasonable accommodations policy.  In said e-mail notification, AT&T will invite non-managerial employees to take the online "Job Accommodations Training" on AT&T's Intranet or learning platform (LSO), if they are interested in doing so.   This e-mail notification will be provided to all non-managerial employees once a year during each year this Consent Decree is in effect.  Through its annual compliance letter described in Paragraph 31 below, AT&T shall provide to the EEOC a copy of the e-mail notification distributed to all non-managerial employees during the period covered in the annual compliance letter.  AT&T shall also provide the EEOC with the list of non-managerial employees from the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico who completed the online "Job Accommodations Training" during the period covered in the annual compliance letter.   The list shall identify employees only by position, work station location, and provide the date on which the employee completed the training.  The list shall not identify individuals by name.

## POSTING OF NOTICE

27.     Within fourteen (14) calendar days from the date of entry of this Decree, AT&T shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at all Network Operations Centers ("NOCs") for Core Network Field Operations in Puerto Rico and at the Call Center in Guaynabo, Puerto Rico where Charging Party will work as a CSR.  The Notice shall remain posted for the duration of this Decree. AT&T shall take reasonable steps to ensure that the posting remains visible to employees for the

duration of this Decree.  Within fifteen (15) calendar days from the Court's execution of this Decree, AT&T shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## REPORTING

28.     Reporting requirements shall apply only to Core Network Field Operations personnel and/or facilities in Puerto Rico and to Language-Spanish Sales and Service Solutions Center in Guaynabo, Puerto Rico.

29.     Apart from notice and/or reporting requirements discussed elsewhere in this Decree, AT&T shall furnish to the EEOC written Reports once annually for a period of two (2) years on January 15, 2017 and January 15, 2018, following entry of this Decree.  The reports shall be submitted once each year on the anniversary date of the Decree.  Each Report shall contain:

a.     A list containing the name, address, and phone number of each self-disclosed visually impaired person that applied for a job with AT&T in the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico, as well as hire date (if applicable).  If the applicant was not hired, AT&T shall provide the reason(s) why.  This does not include individuals whose vision is correctable by wearing corrective lenses.   This list will be used solely for compliance review purposes.  Any complaints or allegations by any individuals identified by AT&T will not be covered by this Consent Decree and shall be subject to the normal administrative processes required by law.

b.     A certification that the Training required in Paragraphs 24 and 26 was completed.

c.    A certification that the Notice required to be posted in Paragraph 27, above, has consistently remained posted during the entire period covered by the Report.

d.    A certification describing the recruitment efforts required in Paragraph 20 that took place during that reporting period.

e.    Any written complaint of disability discrimination that was received by AT&T via the AT&T Hotline at 888-871-2622 or via an online report at the AT&T Hotline Web Reporting tool (www.tnwgrc.com/att) and any request for accommodation received by AT&T via the IDSC for the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico. Any complaints provided by AT&T will not be covered by this Consent Decree and shall be subject to the normal administrative processes required by law.    In the event there are no complaints of discrimination or requests for accommodation to report pursuant to this paragraph, AT&T shall send the EEOC a "negative" report indicating no activity.

## COMPLIANCE

30.    The EEOC may review compliance with this Decree at any time during its duration.  Compliance review may involve the EEOC interviewing AT&T employees.  AT&T shall provide EEOC last known contact information of employees in the Core Network Field Operations Group and the Language-Spanish Sales and Service Solutions Center in Puerto Rico at EEOC's request for purposes of assisting the EEOC in its compliance review.  Prior to interviewing AT&T employees, the EEOC will notify AT&T of its intent to interview and identify the compliance concern that may have led the EEOC to conduct said interviews.  The parties shall attempt to address and resolve the specific situations presented by the EEOC prior to

interviewing the employees. The interviews shall be limited to any issues related to Charging Party's return to work and AT&T's compliance with its obligations under this Consent Decree.

31.     For the duration of this Consent Decree, AT&T will provide the EEOC an annual letter confirming its compliance with all conditions of this Decree.   AT&T will send the required annual letter by e-mail to Robert.Weisberg@eeoc.gov each year on the date this Decree was entered.

32.     If the EEOC obtains information concerning a possible violation of this Decree, it should contact counsel for AT&T and the parties shall first meet and confer in good faith to resolve the issue without need for court intervention.   If any issues are not resolved through said meetings, the parties shall follow the Dispute Resolution Procedure set forth in Paragraphs 37-39 below.

33.     Any submissions, reports, certifications, notices, or other materials that are required to be submitted to the EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: AT&T Settlement," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

## NOTIFICATION OF SUCCESSORS

34.     AT&T shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of AT&T's assets, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## DURATION OF THE DECREE

35.     The duration of the Decree shall be in effect for a period of two (2) years, which period commences immediately following the Court's approval of the Decree.

36.    At the conclusion of the Decree's duration, the matter will be permanently closed and dismissed.

## DISPUTE RESOLUTION

37.    In the event that the EEOC believes that AT&T has failed to comply with any provision(s) of this Decree, EEOC will notify AT&T.  AT&T will have a period of thirty (30) business days from receipt of such notification to respond to EEOC and, if deemed necessary, make a good faith attempt to cure any such breach.  The thirty (30) business days to cure provision of this paragraph shall not apply, however, to the payment required by Paragraph 11 above.

38.    Following the thirty (30) business day response and cure period, the EEOC shall have the right to seek Court intervention to remedy any alleged breach of any obligation specifically assumed by AT&T in this Decree. Any individual interested in pursuing a claim against AT&T for any violation of the ADA shall be subject to the normal administrative processes required by law.

39.    Either EEOC or AT&T may seek the Court's intervention in order to enforce any of its rights under this Decree.  No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge the EEOC's ability to bring an action to enforce the terms of the Decree in this Court. In such an action, AT&T reserves all of its rights to dispute the EEOC's position that it failed to comply with this Decree.

**COSTS**

40.     Each party to this Decree shall bear its own costs associated with this litigation.

**SO ORDERED, ADJUDGED AND DECREED,** this _____ day of _____,

2016.

_____

UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: 2/18/16

Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 SE 2nd Street
Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

FOR THE DEFENDANT, AT&T

By: _____     Date: 2/19/16

Leticia Alfonso
Print Name

Executive Director - Senior Legal Counsel
Title    AT&T Legal Department

**EXHIBIT A**

**REFERENCE**

Dear _____,

      This letter is in reference to your request for information regarding the employment of Miguel Meléndez.

      Miguel Meléndez was employed at AT&T (and its predecessor company Centennial de Puerto Rico) from_____ to _____, serving in the following positions _____. Company policy does not permit us to provide any additional information concerning Miguel Meléndez's employment, but I am sure he can provide you with the details concerning his duties at AT&T.

      I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,

_____
[Title of Human Resources Personnel]
on behalf of AT&T

## EXHIBIT B

## NOTICE TO ALL AT&T EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the U.S. District Court in EEOC v. AT&T Mobility Puerto Rico, Inc., Case No. 11-CV-01964-CCC.  In this case, the EEOC alleged that AT&T discriminated against an employee by failing to provide him a reasonable accommodation that would allow him to continue working despite his disability. AT&T denied having committed any unlawful conduct and alleged that the employee could not be reasonably accommodated.

The ADA/ADAAA protects individuals from employment discrimination because of their disability, and also requires employers to make reasonable accommodations. AT&T does not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of AT&T to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability or any other protected category.  There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), as amended, the Equal Pay Act (EPA) of 1963, as amended, the Americans with Disabilities Act (ADA), as amended, and the Genetic Non-Discrimination Information Act.

AT&T assures its employees that it supports and will continue to comply with the ADA/ADAAA and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated AT&T's policy prohibiting discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at (305) 808-1740.  The EEOC charges no fees and has employees who speak languages other than English.

AT&T employees also can report suspected or actual violations by calling the AT&T Hotline at 888-871-2622 or by submitting an online report using AT&T Hotline Web Reporting (www.tnwgrc.com/att). Both methods are available on a 24-hour basis, seven days a week. Employees can report anonymously.

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: AT&T Settlement, c/o EEOC Legal Unit, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

Date: _____